**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HEATHER MARY S., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. EDCV 19-1187-AB (JPR) <br><br> ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, Joint Stipulation, Administrative Record, and all other records on file as well as the Report and Recommendation of U.S. Magistrate Judge. On March 9, 2021, Plaintiff filed Objections to the R. & R., in which she mostly simply repeats arguments from the Joint Stipulation. Defendant filed a response to the Objections on March 19, 2021.

Plaintiff reiterates that the ALJ allegedly erred in evaluating psychiatrist Julie Wareham's opinions. (See Objs. at 2-4.) As the Magistrate Judge found, however, the ALJ correctly discounted Dr. Wareham's opinions as devoid of any discussion of Plaintiff's functional limitations, among other reasons. (R. &

1

R. at 21.)  Plaintiff argues that "Dr. Wareham's opinion addressed Plaintiff's specific ability to adhere to a work schedule, maintain reliability, and complete work tasks in light of her classic bipolar symptomology."  (Objs. at 2 (citing AR 749, 906).)  But Dr. Wareham merely opined in the written statement and treatment note cited that the stress of not being able to support herself financially was "compromising her emotional stability" (AR 749), her "stable periods [were] frequently short lived due to continuing emotional swings" (AR 906), and she couldn't "sustain even a parttime job" (id.).  Those general statements about Plaintiff's emotional state and the conclusory opinion of disability did not address specific work functions, including the ability to adhere to a work schedule, maintain reliability, or complete tasks.

The Magistrate Judge also correctly found that Plaintiff had not challenged and therefore implicitly conceded as proper the ALJ's discounting of Dr. Wareham's opinion because she acted as an advocate.  (See R. & R. at 23.)  Plaintiff now argues that this was not a proper basis for discounting the opinion because nothing showed that it was "untruthful advocacy."  (Objs. at 2-3 (emphasis in original).)  Plaintiff has things backwards.  An ALJ is entitled to think a doctor's opinion may be "untruthful" precisely because the doctor is acting as an advocate — that is, she has a bias.  In Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir. 1992), the case relied on by the Magistrate Judge (see R. & R. at 22), nothing indicated that the opinion of the doctor who acted as an advocate for the plaintiff was untruthful per se.  Rather, the ALJ properly discounted the

2

opinion because the doctor was "advocating" for the plaintiff. Matney, 981 F.2d at 1020. The undisputed evidence here demonstrated that Dr. Wareham, too, had become an "advocate" for Plaintiff; indeed, she admitted as much. (See R. & R. at 22-23 (citing AR 749).) The Magistrate Judge did not err.

And as she noted, the ALJ also properly discounted Dr. Wareham's opinion because it was "an overly conclusory blanket statement with no objective medical findings in support." (R. & R. at 24 (citing AR 34).) Plaintiff argues that the ALJ erred in "looking only within the four corners of Dr. Wareham's opinion . . . and failing to consider the longitudinal record." (Objs. at 3.) But the Magistrate Judge correctly observed that the longitudinal record did not support Plaintiff's being unable to "sustain even a parttime job." (R. & R. at 25 (citing AR 906).) The ALJ discussed this longitudinal record in the section immediately preceding the discussion of the medical opinions. (See AR 31-33.) Plaintiff's argument that the ALJ should have then repeated that lengthy discussion in discounting Dr. Wareham's opinion is not well taken.

Plaintiff also objects that the ALJ erred in evaluating her RFC and not further developing the record before formulating it. (See Objs. at 4-5.) But there was nothing ambiguous or inadequate about the record requiring such additional evidence, as the Magistrate Judge noted. (See R. & R. at 29-31.) Dr. Ruddock explicitly considered Plaintiff's alcohol abuse (AR 111-12), anxiety (id.), depression (AR 112), and "bipolar affective" disorder (id.) and assessed functional limitations (AR 114-16, 131-32). Dr. Ruddock also reviewed at least some of Dr.

3

Wareham's records and Dr. Rathana-Nakintara's examination report, which contained a complete functional assessment. (See AR 103-05, 108-09, 112-13.) Although Dr. Rathana-Nakintara's assessment was somewhat dated, Plaintiff's mental conditions remained relatively stable, as the Magistrate Judge observed. (See R. & R. at 30 (citing AR 60, 545-47, 837, 852, 885).)

Plaintiff complains for the first time in her Objections that the ALJ's decision was "internally inconsistent" because it both relied on Dr. Ruddock's opinion and found that Plaintiff had additional severe impairments not assessed by Dr. Ruddock. (Objs. at 4-5.) But the ALJ was free to accept portions of Dr. Ruddock's opinion and meld those with information from other evidence in the record to form the RFC. See SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996) (stating that Commissioner forms RFC based on consideration of all relevant evidence in record); 20 C.F.R. § 404.1545(a)(3) (same); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) (same). Plaintiff's argument that reliance on Dr. Ruddock's opinion was unwarranted because her condition had worsened is also unavailing because as previously explained, Plaintiff's mental-health issues remained relatively stable. (See AR 60, 545-47, 837, 852, 885.) Thus, remand is not necessary on this issue.

Finally, any error in discounting the third-party statement from Plaintiff's mother was harmless. As the Magistrate Judge found, the ALJ's clear and convincing reasons for discounting Plaintiff's own testimony established a sufficient basis for rejecting her mother's similar statements. (See R. & R. at 33-34 (citing AR 31-33)); Valentine v. Comm'r Soc. Sec. Admin., 574

4

F.3d 685, 694 (9th Cir. 2009); Molina v. Astrue, 674 F.3d 1104, 1122 (9th Cir. 2012). And although Plaintiff now argues, as she did for the first time in her reply, that the ALJ erred in discounting Plaintiff's statements (Objs. at 5), she has forfeited that claim, as the Magistrate Judge observed (R. & R. at 34 n.24).

    Having reviewed de novo those portions of the R. & R. to which Plaintiff objects, the Court accepts the findings and recommendations of the Magistrate Judge. IT THEREFORE IS ORDERED that judgment be entered affirming the Commissioner's decision and dismissing this action with prejudice.

DATED: April 28, 2021              _____
                                                HON. ANDRÉ BIROTTE JR.
                                                U.S. DISTRICT JUDGE